WILLIAM A. TORGERSON *v.* SARAH TUXIS
RESIDENTIAL SERVICES, INC.
(AC 23637)

Dranginis, Bishop and DiPentima, Js.

---

Argued October 28, 2003—officially released February 10, 2004

*Joshua A. Winnick*, for the appellant (plaintiff).

*Leslie S. Hollo*, for the appellee (defendant).

*Opinion*

BISHOP, J. This appeal concerns a dispute between the parties to a real estate transaction. At issue was whether, in the deed of conveyance, the plaintiff, William A. Torgerson, had reserved to himself a vehicular right-of-way across premises he had conveyed to the defendant, Sarah Tuxis Residential Services, Inc., in favor of a rear parcel he had retained. Asserting that the parcel conveyed to the defendant was burdened by a vehicular right-of-way to the retained parcel, the plaintiff brought a three count complaint seeking a declaratory judgment, injunctive relief and an accounting. At trial, the court resolved all issues for the defendant. This appeal followed.

On appeal, the plaintiff claims that the court (1) failed to analyze properly the language of the deed utilized in the transaction, (2) incorrectly found that a map not referred to in the deed should be incorporated by reference into the deed, (3) incorrectly found that the right-of-way reservation in the deed was for pedestrian but not vehicular traffic and (4) incorrectly found that the parties were aware, at the time of the closing, that the reservation of a vehicular right-of-way would violate the local zoning ordinance. We affirm the judgment of the trial court.

As background to our analysis, we briefly summarize the relevant trial evidence. In February, 1999, the plaintiff and Sotira Zena Tubaya were joint owners of property at 45 Boston Street in Guilford, consisting of two parcels.[1] Parcel A, which abutted Boston Street, contained a residence and outbuilding; parcel B was an undeveloped rear lot. On March 3, 1999, the plaintiff and Tubaya executed a sales and purchase sales agreement with the defendant to convey Parcel A "as shown on schedule A." Schedule A consisted of a map containing parcels A and B. The map depicted a twenty-foot wide right-of-way across parcel A from its intersection with Boston Street to parcel B. Schedule B of the purchase and sales agreement was an addendum that imposed further obligations on the parties to the transaction as a condition of closing. Included were the following relevant obligations undertaken by the sellers: "[T]he performance of a survey and preparation of a map at seller's sole cost and expense that sets forth in accurate detail the metes and bounds of the premises being conveyed to the buyer (parcel A), and the premises being retained by the seller (parcel B), and all easements and/or rights of way thereon and, the seller's obtaining all necessary special permits, variances and/or other

---

[1] Tubaya, who subsequently conveyed her interest in parcel B to the plaintiff, is not a party to this action.

approvals necessary to enable the Seller to divide the premises in accordance with the above-referenced survey and map."

Subsequently, on March 12, 1999, the defendant filed an application with the town of Guilford for a special permit to use the residence on parcel A as its administrative offices. In conjunction with the submission, the defendant included a site development plan for parcel A that depicted a right-of-way across parcel A to parcel B. Between the date of submission and a public hearing on May 5, 1999, town officials made it known to the defendant that the special use permit would not be granted with the existence of a vehicular right-of-way across parcel A in favor of parcel B. Accordingly, the defendant had its land surveyor prepare a revised site development plan and survey eliminating the vehicular right-of-way and replacing it with a pedestrian right-of-way. The plaintiff attended and spoke in favor of the defendant's petition at the May 5 public hearing at which the revised site plan and survey were presented. On June 7, 1999, the town notified the defendant that its special use permit would be approved subject to certain conditions, one of which was that "the deed for parcel A be revised to eliminate any reference to a vehicular right-of-way to parcel B." That requirement was based on the town's determination that the existence of a vehicular right-of-way across parcel A in favor of parcel B would, in fact, violate the town's zoning ordinance.

Witnesses testified at trial that the plaintiff became aware, after signing the purchase and sales agreement and before the closing, that the right-of-way to the parcel he retained would be restricted to pedestrian traffic. Additionally, the court heard testimony that the plaintiff had reviewed and approved the revised survey map prior to executing the closing documents and that the plaintiff had been made aware, before closing, that the map referred to in the closing deed was the revised

map depicting only a pedestrian right-of-way. Finally, unlike the original map, the revised version was composed of Mylar, a material suitable for recording.

For a period subsequent to the closing, the defendant permitted the plaintiff to traverse parcel A by motor vehicle to gain access to parcel B. When that permission was withdrawn, and once the plaintiff decided to attempt to sell parcel B, this action was commenced.

Although the plaintiff has asserted four claims, resolution of this appeal requires us to address the related issues of whether the conveyance deed incorporated a map by reference and, if so, whether the court correctly identified the map.

As a preliminary matter, we note that our review of a court's interpretation of the language of a deed presents a question of law. Therefore, insofar as our assessment of the judgment involves the court's interpretation of the deed of conveyance, our review is plenary. *Mulla* v. *Maguire*, 65 Conn. App. 525, 531, 783 A.2d 93, cert. denied, 258 Conn. 934, 785 A.2d 229 (2001). To the extent that the court has made findings of fact, our review is limited to a determination of whether the court's conclusions were clearly erroneous. *Beneduci* v. *Valadares*, 73 Conn. App. 795, 801, 812 A.2d 41 (2002).

The deed reviewed by the parties at the closing and later recorded contained the following relevant language describing the premises to be demised as: "known as 45 Boston Street and shown and depicted as 'Parcel A' on a map entitled 'property survey map and division map 45 Boston Street, Guilford, Connecticut Scale 1"=20' Sheet 1 of 1 Date 3-15-99' prepared by Kenny Associates . . . ." In response to the plaintiff's motion for rectification, the court indicated that it had found that the deed of conveyance had incorporated by reference a map and that the incorporated map reserved only a pedestrian right-of-way. Finding that language

clear, the court correctly commented that the wording of the deed left no room for construction. In determining that the deed incorporated the map by reference, the court was legally correct. "[A] reference to [a] map in [a] deed, [f]or a more particular description, incorporates [the map] into the deed as fully and effectually as if copied therein. . . . [T]he identifying or explanatory features contained in maps referred to in a deed become part of the deed, and so are entitled to consideration in interpreting the deed as though they were expressly recited therein." (Citation omitted; internal quotation marks omitted.) *Schwartz* v. *Murphy*, 74 Conn. App. 286, 291, 812 A.2d 87 (2002), cert. denied, 263 Conn. 908, 819 A.2d 841 (2003); see also General Statutes § 7-31 (governing incorporation of recorded maps into deeds).

Because the court determined that the deed incorporated the map by reference, the only factual question remaining to consider was whether the referenced map was the original map including a general right-of-way or the revised map containing only a pedestrian right-of-way. As the plaintiff correctly notes, both maps are dated March 15, 1999, although the revised map also contains a date of revision of May 3, 1999. To determine which map the recorded deed referenced, the court properly considered extrinsic circumstances, including the negotiations of the parties, the composition of the revised map, the plaintiff's knowledge of the planning and zoning board's response to the defendant's special use permit application, and the various discussions among the parties and their counsel at the closing. "In construing a deed, a court must consider the language and terms of the instrument as a whole. . . . Our basic rule of construction is that recognition will be given to the expressed intention of the parties to a deed . . . and that it shall, if possible, be so construed as to effectuate the intent of the parties. . . . In arriving at the intent expressed . . . it is always admissible to

consider the situation of the parties and the circumstances connected with the transaction, and every part of the writing should be considered with the help of that evidence." (Internal quotation marks omitted.) *Mackie* v. *Hull*, 69 Conn. App. 538, 541–42, 795 A.2d 1280, cert. denied, 261 Conn. 916, 917, 806 A. 2d 1055 (2002). The court therefore correctly took into consideration the language of the deed together with the attendant circumstances of the parties, and its conclusion that the deed referenced the revised map was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.