WILLIAM A. TORGERSON *v.* KEVIN J. KENNY ET AL.
(AC 25919)

Gruendel, Harper and Berdon, Js.

Argued March 31—officially released September 19, 2006

*Joshua A. Winnick*, for the appellant (plaintiff).

*Thomas E. Crosby*, for the appellees (defendants).

*Opinion*

BERDON, J. The dispositive issue in this appeal is whether the plaintiff, William A. Torgerson, authorized the defendants, Kevin J. Kenny and Kenny Associates, Inc.[1] (Kenny Associates), to modify the terms of a contract for the sale of real property under which the plaintiff retained a pedestrian right-of-way instead of a

---

[1] Kenny Associates, Inc., is a corporation owned by Kevin J. Kenny. For purposes of this decision, the liability of Kenny Associates, Inc., is identical to that of Kenny.

vehicular right-of-way to the remaining property of the plaintiff.[2] We decline to review the remaining claims raised by the plaintiff.[3] We affirm the judgment of the trial court.

The court found the following relevant facts. The plaintiff and Sotira Zena Tubaya jointly owned real property at 45 Boston Street in Guilford. The Guilford Savings Bank held a mortgage on the property and had commenced foreclosure proceedings.

On or about March 5, 1999, as a result of the foreclosure proceedings, the plaintiff and Tubaya agreed to sell for $190,000 the front part of 45 Boston Street, with the building thereon, parcel A, to the Sarah Tuxis Residential Services, Inc. (Sarah Tuxis). The plaintiff and Tubaya retained the rear portion, parcel B. Attached to the sales agreement was a sketch reflecting that parcel A consisted of the front 20,000 square foot portion of the property containing a house and a driveway

---

[2] See also *Torgerson* v. *Sarah Tuxis Residential Services, Inc.*, 81 Conn. App. 435, 840 A.2d 66, cert. denied, 269 Conn. 903, 852 A.2d 737 (2004), a prior lawsuit in which the plaintiff sought a judicial determination of the nature, extent and location of the right-of-way reserved in the deed.

[3] The plaintiff also claimed that the court failed to review his claim with respect to a letter that Kenny sent to the Guilford zoning enforcement officer, Morton McAvoy. The court dismissed these claims without further analysis as follows: "Turning to [the plaintiff's] specific allegations . . . the court finds that by sending the so-called McAvoy letter, the defendants (1) did not breach the agreement between the parties because the agreement was modified consistent with the letter; (2) were not negligent; (3) did not breach the covenant of good faith; (4) did not engage in wanton misconduct; and (5) did not engage in an unfair trade practice."

On appeal, the plaintiff fails to furnish us with the benefit of any analysis or citation to authorities other than a few perfunctory and conclusory statements. We repeatedly have stated that "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal quotation marks omitted.) *Valentine* v. *LaBow*, 95 Conn. App. 436, 452, 897 A.2d 624 (2006). Accordingly, we will not address these claims.

leading from Boston Street. Parcel B on the sketch consisted of the rear 35,000 square foot portion that was unimproved. The sketch shows a twenty foot wide right-of-way along the easterly boundary of parcel A from Boston Street to parcel B. The sales agreement was conditioned on the following: (1) Sarah Tuxis obtaining a special permit to use the premises for its administrative offices; (2) the plaintiff providing a map and survey setting forth the boundaries of parcel A and parcel B and all easements or rights-of-way thereon; and (3) the plaintiff obtaining all necessary special permits, variances or approvals necessary to enable the property to be divided in accordance with the survey and map.

Prior to entering into the previously described contract with Sarah Tuxis, on March 1, 1999, the plaintiff entered into an agreement with the defendants to draw a map showing the division of 45 Boston Street into parcels A and B, and specifically providing for a "20 foot wide easement and right of way along the entire easterly boundary of parcel 'A' for pedestrian and vehicular access, and public utilities" to parcel B.

Pursuant to the agreement, the defendants produced a map styled "Property Survey Map and Division Map 45 Boston Street, Guilford, Connecticut," dated March 15, 1999. The map's identification block reflected that it was prepared by Kenny Associates and entitled "working drawing." It divided 45 Boston Street into parcel A and parcel B and reflected a twenty foot wide right-of-way along the entire easterly boundary of parcel A. The right-of-way section of the map referenced note six, which stated: "Reserving Right of Way And Utility Easement in Favor of Parcel 'B' upon Parcel 'A'."

On March 12, 1999, Sarah Tuxis and the plaintiff jointly submitted an application for a special permit to the Guilford planning and zoning commission (commission) to allow Sarah Tuxis to use 45 Boston Street,

parcel A, for its administrative offices. In connection with that application, Sarah Tuxis submitted a site development plan dated March 15, 1999, prepared by Kenny Associates. This site development plan divided the property so as to reserve to parcel B a driveway over the easterly boundary of parcel A.

Guilford's town planner determined that the plan as submitted could not be approved because the right-of-way to parcel B violated Guilford's zoning regulations.[4] These zoning regulations, however, did not prohibit a pedestrian right-of-way over parcel A. Thereafter, a revised site development plan omitting the vehicular right-of-way prepared by Kenny Associates was submitted by Sarah Tuxis. It bore a date of May 3, 1999.

On May 3, 1999, the defendants also revised the working drawing eliminating the vehicular right-of-way along the easterly boundary of parcel A and revised note six to state: "Reserving a Pedestrian Easement and a Utility Easement in favor of Parcel B over Parcel A," thereby eliminating the right-of-way language in the initial version of the map. This map ultimately was signed by Kenny and filed with the Guilford town clerk.

Kenny made numerous attempts to contact the plaintiff about the zoning issue. He attempted to call the plaintiff at the telephone number provided by the plaintiff. He visited the automotive garage where the plaintiff occasionally worked. He stopped at 45 Boston Street and left his card with a note that stated: "Important matter please call." Kenny, however, was unable to make contact with the plaintiff.

---

[4] The regulations require that a 100 foot by 100 foot square must be able to be graphically drawn within the lot, and that the area within the square cannot be burdened by a vehicular right-of-way. Because the frontage on Boston Street was only slightly less than 100 feet, the 100 foot by 100 foot square requirement would not permit a vehicular right-of-way over any portion of parcel A.

Before the closing, a site walk was conducted by members of the commission in connection with the special permit sought by Sarah Tuxis. Kenny was present, and the plaintiff arrived late. Kenny had a brief conversation at the site walk, telling the plaintiff that a vehicular easement could not be provided but that a pedestrian easement would be approved. The plaintiff did not respond.

Thereafter, a public hearing was conducted on the Sarah Tuxis application. The plaintiff was present and spoke in favor of the application. The revised site plan that had eliminated the right-of-way along the easterly boundary of parcel A and specifically noted only a pedestrian easement was displayed on an easel for public view. The plaintiff was aware that the revised site plan submitted for the commission's approval contained no vehicular right-of-way to parcel B. Kenny made a presentation in support of the application and advised the commission that no vehicular right-of-way was being retained for parcel B. After the hearing, the commission granted the application for a special permit.

A map of the property was prepared by Kenny Associates and did not graphically show any right-of-way, but the text note on the map stated that a pedestrian easement was retained for parcel B. Prior to the closing, the closing attorney also faxed the proposed warranty deed and other closing documents to an attorney who was the plaintiff's girlfriend and who the closing attorney believed represented the plaintiff. At the closing, the plaintiff, accompanied by his girlfriend, signed the warranty deed, which provided in part: "Expressly Reserving unto the said Grantor . . . a right of way, over and under the existing driveway on parcel A as shown on said map and extended to parcel B, or as otherwise located by the Grantee in its sole discretion."

The Mylar map[5] of the property present at the closing was the map referenced in the deed and later recorded. The plaintiff did not state any objection to the map.[6]

After the warranty deed conveying parcel A to Sarah Tuxis was recorded with the Guilford town clerk, it was reviewed by Morton McAvoy, the zoning enforcement officer. He concluded that the right-of-way language in the deed placed parcel A in violation of the zoning regulations. Specifically, McAvoy believed that parcel A was no longer in compliance with the 100 square foot requirement; see footnote 4; because the language could be interpreted as reserving a vehicular right-of-way for parcel B. McAvoy sent a letter to Sarah Tuxis advising it that the violation had to be removed and further advising it of its right to appeal to the zoning board of appeals. By letter dated August 23, 1999, Kenny advised McAvoy that the deed referenced a map that was incorporated into the deed, that the map contained no graphic depiction of a vehicular right-of-way, but that by note the map reserved a pedestrian easement. In the concluding paragraph of the letter, Kenny stated: "I represent on behalf of the owners of parcel 'A' and 'B' that no vehicular right of way has been reserved." McAvoy responded to Kenny by letter dated October 13, 1999, stating that, on the basis of Kenny's clarification, he had determined that parcel A conformed to the zoning regulations. The court concluded that the defendants were authorized by the plaintiff to reserve a pedestrian right-of-way instead of a vehicular right-of-way. Although there was no evidence that the plaintiff specifically consented to an amendment of the contract, the court found that consent to the modification was

[5] A Mylar map is a map prepared on a thin polyester film suitable for recording on the land records. *Torgerson* v. *Sarah Tuxis Residential Services, Inc.*, 81 Conn. App. 435, 439, 840 A.2d 66, cert. denied, 269 Conn. 903, 852 A.2d 737 (2004).

[6] Sometime after the closing, Tubaya conveyed her interest in parcel B to the plaintiff.

implied from the attendant circumstances and conduct of the parties.

We now set forth the standard of review. "Whether the parties to a contract intended to modify the contract is a question of fact." (Internal quotation marks omitted.) *LaVelle* v. *Ecoair Corp.*, 74 Conn. App. 710, 717, 814 A.2d 421 (2003). "The resolution of conflicting factual claims falls within the province of the trial court. . . . The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witness. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citation omitted; internal quotation marks omitted.) *Carroll* v. *Perugini*, 83 Conn. App. 336, 339–40, 848 A.2d 1262 (2004).

Upon review of the entire record, we can find no reason to disturb the court's finding that the plaintiff agreed to the modification of the contract with respect to the reservation of the right-of-way. Although the plaintiff did not assent directly to the amendment, there is substantial evidence to support the finding that he authorized the defendants to do so on his behalf in order to sell the property. "For a valid modification to exist, there must be mutual assent to the meaning and conditions of the modification and the parties must assent to the same thing in the same sense. . . . Modification of a contract may be inferred from the attendant circumstances and conduct of the parties." (Internal quotation marks omitted.) *LaVelle* v. *Ecoair Corp.*, supra, 74 Conn. App. 716.

The judgment is affirmed.

In this opinion the other judges concurred.